LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29960

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LARRY W.K. YIP, Defendant-Appellant

JEAN R. KIKUMOTO CLERK, APPELLATE COURTS STATE OF HAWAII

2010 JUN 23 AM 8:29

FILED

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTC-08-046548)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Larry W.K. Yip (Yip) appeals from
the June 29, 2009 amended judgment of conviction on one count of
excessive speeding in violation of Hawaii Revised Statutes (HRS)
§ 291C-105(a)(1) (2007 & Supp. 2009) entered in the District
Court of the First Circuit, Honolulu Division (district court).[1]

On appeal, Yip argues that: (1) the district court
erred in receiving the speed check card into evidence under the
business record exception to the hearsay rule; (2) there was
insufficient foundation laid for admission of the speed check
card as a business record exception; and (3) the admission of the
speed check card violated Yip's right to confrontation.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised, we conclude that
based upon State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520
(2010), Officer Russell Maeshiro's (Officer Maeshiro) testimony
regarding the speed at which Yip was driving, which was based
upon the officer's speedometer, was inadmissible because the
State failed to establish a proper foundation to show that the

---

[1] The Honorable Faye M. Koyanagi presided.

speedometer had been properly calibrated and was therefore accurate.[2]

Yip was tried with a co-defendant (Co-Defendant) for the offense of excessive speeding on November 3, 2008.

Officer Maeshiro testified that on November 3, 2008, he cited Co-Defendant and Yip. He observed Yip tailgating Co-Defendant and both were traveling fast. He paced them and determined, based on his speedometer, that they were traveling 85 miles per hour in a 45 miles per hour zone. Yip objected to the testimony of the speed. In laying the foundation for the speed check card, no evidence was presented as to the manufacturer's requirements for the training of the person conducting the speed check or the manner in which the speed check was to be performed. The district court overruled the objection.

The Co-Defendant testified that she had asked Yip to follow her home because it was late and she was tired. She had checked her speedometer before she was stopped and she was traveling 55 miles per hour. Yip testified that he was following Co-Defendant on his motorcycle and he was traveling at 55 miles per hour.

A determination of the admissibility of evidence under an exception to the hearsay rule is reviewed under the right/wrong standard of review. Fitzwater, 122 Hawai'i at 362, 227 P.3d at 528.

To establish a foundation for the speed check results, Fitzwater requires the following:

> Thus, in order for the results of speed checks to be admissible, the State must establish: (1) how and when the speed check was performed, including whether it was performed in the manner specified by the manufacturer of the equipment used to perform the check, and (2) the identity and qualifications of the person performing the check, including whether that person had whatever training the manufacturer recommends in order to competently perform it.

---

[2] Based upon our decision to vacate and remand as a result of the inadmissibility of the speed check card, we do not address Yip's other issues.

Id., at 376-77, 227 P.3d at 542-43. The State did not satisfy these requirements. The State failed to adduce any evidence relating to the manufacturer's requirements for the testing or the training of the person performing the test and therefore the district court erred in admitting the speed check card into evidence over the objections of defense counsel.

However, Yip testified that he was driving at 55 miles per hour and Officer Maeshiro testified that the area had a speed limit of 45 miles per hour  As in Fitzwater, there was sufficient evidence to convict Yip of noncompliance with the speed limit in violation of HRS § 291C-102(a)(1) (2007). See Id., at 378, 227 P.3d at 544.

Therefore, we vacate the June 29, 2009 amended judgment entered by the District Court of the First Circuit, Honolulu Division and remand for entry of a judgment that Yip violated HRS § 291C-102(a)(1), in accordance with the applicable statutes governing non-criminal traffic infractions.

DATED: Honolulu, Hawai'i, June 23, 2010.

On the briefs:

John N. Ikenaga,
Deputy Public Defender
for Defendant-Appellant.

Chief Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3